E-FILED
Friday, 04 November, 2016 02:10:51 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-10029 |
| ) | |
| DEMONTAE BELL, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Bell's Motion [81] to Dismiss. For the reasons set forth below, Defendant's Motion [81] to Dismiss is DENIED.

### BACKGROUND

Demontae Bell was arrested on April 9, 2015, and made an initial appearance on April 10, 2015. On April 21, 2015, Defendant was charged by way of an indictment with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). He was arraigned on May 7, 2015. On June 18, 2015, the Court granted Defendant's motion for a continuance and made an interest of justice finding excluding the time between June 18, 2015, and July 27, 2015. On July 21, 2015, Defendant was charged by way of a five count superceding indictment alleging violations of 18 U.S.C. §§ 924(c), 922(g), and 2, and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). At his July 22, 2015, arraignment on the superceding indictment, the Court granted the Government's motion for a continuance over Defendant's objection. The Court also made an interest of justice finding excluding the time between July 22, 2015, and the trial scheduled for September 28, 2015, reasoning that Defense counsel needed additional time to review the extensive discovery turned over to Defense counsel at the hearing.

1

On September 10, 2015, the Court granted Defendant's motion for continuance and made an interest of justice finding excluding the time between the September 10, 2015, and the trial scheduled for January 19, 2016. A second superseding indictment was filed on September 22, 2015, and an arraignment was held on September 29, 2015. Thereafter, Defendant's counsel withdrew and a new attorney was appointed to represent Bell. On December 2, 2015, the Court granted Defendant's motion to vacate the January trial date and made an interest of justice finding excluding the time between December 2, 2015, and the scheduled trial for March 7, 2016. Defendant filed a motion to suppress on January 5, 2016, and the Court scheduled a hearing on the motion for March 1, 2016. On January 27, 2016, Defendant moved to withdraw the motion and filed new motions to suppress, dismiss, and sever. An amended motion to suppress was filed on February 2, 2016.

On February 17, 2016, a third superceding indictment was filed. At the March 1, 2016, arraignment, the Court continued the hearing date for the suppression motion and made an interest of justice finding excluding the time between March 1, 2016, and the trial scheduled for May 9, 2016. On April 4, Defendant filed a motion to quash. The Court held a motion hearing on April 13, 2016, took the motions to suppress and quash under advisement, vacated the trial date and made an interest of justice finding excluding the time between April 13, 2016, and the pretrial conference set for May 5, 2016. On April 20, 2016, the Court denied Defendant's motion to suppress in a written order. On May 4, 2016, Defendant filed a second motion to suppress. At the pretrial conference on May 5, 2016, the Court set a motion hearing on the motion to suppress for June 8, 2016, and made an interest of justice finding excluding the same. On May 19 and May 24, 2016, Defendant filed motions to continue, the latter of which was granted. At a status conference on June 15, 2016, the Court granted Defendant's oral motion to continue, scheduled a

pretrial conference for July 21, 2016, and made an interest of justice finding excluding the time between June 15, 2016, and July 21, 2016.

At the status conference on July 21, 2016, Defendant requested that his current counsel be removed and that another attorney be appointed to represent him. The Court appointed new counsel for Defendant and made an interest of justice finding excluding the time between July 21, 2016, and the scheduled status conference on August 26, 2016. A status conference was held on August 31, 2016, where Defendant's newly appointed counsel adopted the pending motions to suppress. The Court scheduled a pretrial conference for November 3, 2016 and set trial for December 19, 2016. On October 12, 2016, a status conference was held in response to a motion to continue arising out of a dispute between Defendant and his counsel. On October 20, 2016, the Court held a motion hearing on Defendant's motions to suppress and motion to quash, and Defendant filed the instant motion to dismiss the same day. The Court took the motions under advisement and ordered the Government to respond to the motion to dismiss within 14 days. A pretrial conference was held on November 3, 2016. On November 4, 2016, the Court issued a written Order denying Defendant's motions to suppress and quash.

## LEGAL STANDARD

A defendant must go to trial within 70 days of either the date of the issuance of an indictment or a defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1); *Blake v. United States.*, 723 F.3d 870, 884 (7th Cir. 2013). An indictment against a defendant must be dismissed if the defendant is not brought to trial within the 70-day period. *Id*. However, § 3161 sets forth a number of statutorily permitted exclusions that do not count against the 70-day clock. *Id*.; § 3161(h)(1)-(8).

Under § 3161(h), periods of delay are excluded for:

> **(1)** Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
> **(A)** delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> **(B)** delay resulting from trial with respect to other charges against the defendant;
> **(C)** delay resulting from any interlocutory appeal;
> **(D)** delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> **(E)** delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
> **(F)** delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;
> **(G)** delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and
> **(H)** delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
>
> 18 U.S.C. § 3161(h)(1)

Additionally, the Act excludes:

> **(7)(A)** Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> 18 U.S.C. § 3161(h)(7)

ANALYSIS

Defendant's motion to dismiss argues that his right to a speedy trial was violated when the Court granted the Government's motion to continue at the pretrial hearing on July 22, 2015. At the pretrial hearing, Defendant was arraigned on a five count superceding indictment. The Government turned over about a thousand pages of new discovery and eight hours of recorded discovery. See ECF Doc. 81-1, at 12. Despite the new discovery, Defendant did not want to continue the trial set for July 27, 2015, and his counsel at the time stated that she "would be prepared to go to trial with the caveat that I don't know what's on that disk," and wished to reserve "the ability to seek a continuance if there is something on that disk I wasn't aware of." *Id*. at 13. The Government argued that the time necessary to try additional counts and the interest in trying all counts against the Defendant in a single trial justified the continuance. The Court granted the continuance over Defendant's objection, and made an interest of justice finding excluding the time between July 22, 2015, and September 28, 2015, because a continuance was in the best interest of Defendant and necessary to give his attorney adequate time to prepare his case. *Id*. at 18-19.

Here, the 70-day clock commenced on April 21, 2015, when the first indictment was issued. 18 U.S.C. § 3161(c)(1). 15 days elapsed between the indictment of April 21, 2015, and the arraignment on May 7, 2015. 41 days elapsed between the arraignment on May 7, 2015, and the pretrial conference on June 18, 2015. The Court made interest of justice findings excluding the following dates from the speedy trial clock:

> June 18, 2015, through July 27, 2015;
> July 22, 2015, through September 28, 2015;
> September 10, 2015, through January 19, 2015;
> December 2, 2015, through March 7, 2016;
> March 1, 2016, through May 9, 2016;
> April 13, 2016, through May 5, 2016;

      May 5, 2016, through June 8, 2016;
      June 15, 2016, through July 21, 2016;
      July 21, 2016, through August 26, 2016;
      August 31, 2016, through December 19, 2016

Apart from the 56 days of unexcluded time between the indictment and pretrial conference, the only times not specifically excluded under 18 U.S.C. § 3161(h)(7)(A) were June 8, 2016, to June 15, 2016, (6 days) and August 26, 2016, to August 31, 2016 (4 days). Even without considering any of the automatic exclusions under § 3161(h)(1), Defendant would have accumulated only 66 days of time by his December 19, 2016 trial date. Moreover, those two periods are automatically excluded under § 3161(h)(1)(D) because Defendant's motion to suppress was still pending. See ECF Doc. 72; *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003).

Defendant takes issue with the Court's decision to grant the Government's motion to continue on July 22, 2015. However, § 3161(h)(7)(A) allows the judge "to grant the continuance and exclude it from the Speedy Trial Act computation on his own motion, provided that he places in the record his reasons for doing so." *United States v. Asubonteng*, 895 F.2d 424, 427 (7th Cir. 1990). "The Act does not require the consent of the defendant or his counsel." *Id*. Here, the Government argued that the time necessary to try additional counts and the interest in trying all counts against the Defendant in a single trial justified the continuance. The Court found the Government's motion well taken and made an interest of justice finding excluding the time between July 22, 2015, and September 28, 2015. In doing so, the Court reasoned that a continuance was in the best interest of Defendant and necessary to give his attorney adequate time to prepare his case. ECF Doc. 81-1, at 18-19. Those reasons were "permissible considerations" under § 3161(h)(7)(A). See *Asubonteng*, 895 F.2d at 427 ("In granting the continuance the magistrate noted that "a single trial will permit the more efficient and effective

6

use of judicial time, and avoid the unnecessary and duplicative expenditure of effort, expense, witness and juror time, and the like which would result from two trials." These are permissible considerations under § 3161(h)(8)(C)"). Accordingly, Defendant's motion to dismiss must be denied.

## CONCLUSION

For the reasons stated above, Defendant's Motion [81] to Dismiss is DENIED.

Signed on this 4th day of November, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge